UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LUIS GONZALEZ-ATENCIO,<br><br>                    Petitioner,<br><br>       v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICER, et al.,<br><br>                    Respondents. | CASE NO. 2:25-cv-00245-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

On February 6, 2025, Petitioner, an immigration detainee, filed a petition for writ of habeas corpus requesting he be granted a "bond review" and be released upon "conditions that [are] fair and just." Dkt.4 at 3. On March 21, 2025, Respondents filed their Return and Motion to Dismiss which is noted for April 25, 2025 for the Court's consideration. Dkt. 7. Petitioner has not responded to the Return. The Court, having considered the habeas petition, Respondent's Return and the balance of the record recommends _____.

**BACKGROUND**

Petitioner alleges Respondent's placed him in immigration custody on May 8, 2024, as a "212a6Ai Alien present without admission or parole." *See* petition, Dkt. 4 at 1 and 2. As relief, Petitioner requests the Court order a bond hearing and his release. Petitioner attached a Memorandum of Law in support of his petition in which he argues he entered the United States

REPORT AND RECOMMENDATION - 1

in 2021, was ordered removed on September 5, 2024, and there are no appeals challenging removal pending. *Id.* at 11. Petitioner claims he has cooperated with Respondents to facilitate his removal to his home county Venezuela, but "Venezuela is currently not cooperating with the U.S. Government to deport its citizens and it's likely continue because of the current president of Venezuela." *Id*. at 11-12.

As Petitioner has been detained for more than six months, he argues under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court should immediately release him because the government cannot indefinitely detain him if it cannot remove him. Dkt. 4 at 10-12.

In its Return, Respondent's contends the Court should deny the habeas petition and dismiss it because Petitioner is lawfully detained pursuant to a final order of removal and his continued detention is not constitutionally indefinite. Dkt. 6 at 2.

Respondent submits Petitioner, a citizen of Venezuela unlawfully entered the United States in April 2021 without lawful inspection or admission and was arrested on April 2, 2021. *Id.* at 4. Petitioner was released a few days later on the condition he not commit any law violations. *Id.* After he was released, Petitioner pled guilty to Assault in the Fourth Degree (domestic violence) and was sentenced to two years of probation. *Id.* Based upon this conviction, Petitioner was placed into immigration custody in May 2024. On September 5, 2024, an Immigration Judge (IJ) ordered Petitioner be removed to Venezuela. The order became final that day because Petitioner waived his right to appeal. *Id.*at 5. Respondent's advised Petitioner they would review his custody status and the last review occurred in December 2024. Dkt. 9, Exhibit M.

Respondents contend they are in the process of removing 180 Venezuelan nationals and while Petitioner will not be in the first group of removed Venezuelans, "regular removal flights

REPORT AND RECOMMENDATION - 2

1 | to Venezuela will be ongoing allowing for Gonzalez-Atencio's removal." *Id*. at 5.

2 | Respondents argue the Court should deny the habeas petition because it fails to name the administrator/warden of the immigration detention facility, and his detention is not unconstitutionally "indefinite" because Respondents are in fact removing Venezuelan citizens. *Id*. at 8.

## DISCUSSION

Petitioner does not contest that he was lawfully placed into immigration detention, he has lawful grounds to remain in the country, or that a final order of removal has been issued and not appealed. Rather, he argues because there is no reasonable likelihood he will be removed in the foreseeable future, he should be released.

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens who have been ordered removed. Under § 1231(a), the Department of Homeland Security ("DHS")[1] must detain a noncitizen during the "removal period,"[2] which in this case has expired. *See* 8 U.S.C. §§ 1231(a)(2), (a)(1)(B). Once the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. 8 U.S.C. § 1231(a)(6). Specifically, DHS may detain a noncitizen who has been determined "to be a risk to the community or unlikely to comply with the order of removal," or who is inadmissible. *Id*. Ostensibly this is the basis of Petitioner's detention as he violated his initial condition of release by committing a criminal offense.

Although § 1231(a)(6) authorizes Respondents to detain Petitioner, they cannot do so indefinitely. In *Zadvydas v. Davis*, the Supreme Court held § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. *Zadvydas*, at 533 U.S. at 701

(2001). The Supreme Court determined it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

The Supreme Court notes the six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nevertheless, courts must remember "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

As noted above, Petitioner has the burden to provide a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Here, Petitioner simply claims his home country is not cooperating with the United States regarding removal and this likely will continue because of the current president of his county. Petitioner presents no facts or evidence in support of this conclusory statement and Respondent contends the claim should be rejected because as of March 21, 2025 the United States was scheduling the removal of a first wave of Venezuelans. The Court takes notice that the media widely reported on March 22, 2025, that Venezuela accepted removed citizens from the United States in February 2025 and had reached agreement to continue to accept removed citizens. *See e.g.* Associated Press, "Venezuela to resume repatriation of migrants after deal with US" at

REPORT AND RECOMMENDATION - 4

https://apnews.com/article/venezuela-us-migration-deportation-flights-2e9b747437a1dd2edb15c28d08a31041; Newsweek, "Venezuela to Accept US Deportees," at https://www.newsweek.com/venezuela-resume-flights-us-deportations-trump-2049232; The New York Times. Venezuela Says It Will Resume Accepting U.S. Deportation Flights, https://www.nytimes.com/2025/03/22/us/politics/trump-venezuela-deportations-migrants.html;

The Court accordingly find Petitioner has failed to meet his burden to establish there is a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and his request for immediate release be denied. Although Petitioner fails to show immediate release should be ordered, the Court is mindful the extradition agreements between Venezuela and the United States appear to be constantly changing. The media reports above indicate the United States deported individuals to Venezuela in February 2025. However, Venezuela suspended deportations on March 8, 2025 after a dispute over oil exportations, thus necessitating the need to negotiate new agreements. Given this, the Court RECOMMENDS:

1. Petitioner's request that he be immediately release be DENIED.
2. Petitioner's habeas petition should not be dismissed at this juncture given the constantly changing position of extradition between the United States and Venezuela. Rather, the assigned District Judge should direct Respondents to submit a status report regarding the extradition of Petitioner no later than November 5, 2025. If Respondents are correct, it would seem Petitioner will have been removed to his home country of Venezuela by then. However, if Petitioner has not yet been removed, and there is no date set as to when he will be removed, his claim he is being held for an impermissible indefinite period of time gains new potency and should be reviewed again.

3. The Court notes Petitioner agreed to be removed to Venezuela and the Order of the Immigration Judge directs he be removed from the United States to Venezuela. Dkt. 9, Exhibit K. Pursuant to this Order, Petitioner shall be removed to his home country, and not some other country.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 14, 2025.** The Clerk shall note the matter for **May 16, 2025**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 30th day of April, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6